IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 5 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

CAROLYN MARTIN                                                                   PLAINTIFF

v.                          CASE NO. 4:08CV03617 JMM

UNIVERSITY OF ARKANSAS FOR
MEDICAL SCIENCES                                                                 DEFENDANT

## ORDER

Pending is Defendant's Motion to Dismiss. Defendant argues that the University of Arkansas for Medical Sciences ("UAMS") is not a legal entity capable of being sued and, therefore, Plaintiff's Complaint should be dismissed.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.*, 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

Plaintiff is presently proceeding *pro se*. Plaintiff's Complaint alleges that she was discriminated on the basis of her race in violation of Title VII. As a response to the Motion,

Plaintiff wrote the following note on the Defendant's Motion to Dismiss:

> "I made an misstate [sic] by stating University of Arkansas. These are the individual [sic] I was speaking of Frances Cheatham, Carol Gray, and Martha Hall in the Department Patient Business Svc."

This document was filed with the Clerk's Office. It appears that Plaintiff was attempting to amend her Complaint to add these three individuals as defendants in her case. The Court will not allow Plaintiff to amend her Complaint to add these individual defendants because such an amendment would be futile.

Title VII prohibits an employer from discharging an individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Frances Cheatham, Carol Gray, and Martha Hall are not "employers" as that term is defined under Title VII and, therefore, are not subject to suit under Title VII in either their individual or official capacities. Title VII prohibits discrimination in employment by "employers," not co-workers or supervisors. *Smith v. St. Bernards Regional Medical Center,* 19 F.3d 1254, 1255 (8th Cir. 1994)("liability under 42 U.S.C. § 2000e(b) can attach only to employers."); *Bonomolo-Hagen v. Clay Central-Everly Community School Dist.,* 121 F.3d 446, 447 (8th Cir. 1997)("supervisors may not be held individually liable under Title VII.")

The Defendant is correct that UAMS is not an entity capable of being sued. *Assaad-Faltus v. UAMS,* 708 F.Supp. 1026 (E.D. Ark. 1989). Rather, Plaintiff should have named the University of Arkansas or the Board of Trustees of the University of Arkansas as the defendant in this case. If Plaintiff wishes to amend her Complaint to name the University of Arkansas or the Board of Trustees of the University of Arkansas as the defendant in this case, she may do so on or before December 31, 2008. If Plaintiff does not file an Amended Complaint by that date, the Court will dismiss the case pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted.

Additionally, Plaintiff's attention is directed to the fact that she is required to be familiar and comply with all Federal Rules of Civil Procedure as well as the Local Rules of this Court. The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the District Clerk for the Eastern District of Arkansas. Plaintiff is directed to file clear, concise pleadings in the form required by Rule 10 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 15th day of December 2008.

James M. Moody
United States District Judge